UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT JACOBO,

    Plaintiff,

v.

ROSS MIRKARIMI, et al.,

    Defendants.

Case No. 14-cv-05185-JSC

**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, an inmate at the San Francisco County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the San Francisco Sheriff Ross Mirkarimi, the San Francisco Sheriff's Department, and four Sheriff's Department employees working at the jail.[1] His application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the claims against the Sheriff and the Sheriff's Department are dismissed with leave to amend, and the claims against the other defendants are found cognizable.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 5.)

F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

When liberally construed, Plaintiff's allegations that Defendants Lieutenant Minor, Deputy Neu, Deputy Jones, and Deputy Gray, used excessive force against him states a cognizable claim against them for violating his constitutional rights to due process and to be free from cruel and unusual punishment. He alleges that these defendants beat him, kicked him, knocked him out and injured his ears after he insulted another jail staff member, despite the fact that Plaintiff was handcuffed and not resisting them when they applied this force.

Plaintiff has also listed the Sheriff, Ross Mirkarimi, and the San Francisco Sheriff's Department as defendants, but he does not allege any actions or involvement by them in the use of force. The fact that these defendants are the superior and employer, respectively, of the other defendants is not enough on its own to make them liable for the conduct of their subordinates and employees. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is

there respondeat superior liability, i.e. liability solely because one is responsible for the actions or omissions of another under section 1983); *see also Lemire v. Cal. Dept. of Corrections & Rehabilitation,* 726 F.3d 1062, 1085 (9th Cir. 2013) (liability may be imposed on an individual defendant under 42 U.S.C. § 1983 only if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right). In addition, the San Francisco Sheriff's Department as a municipal entity is only liable if it had a policy or pattern or practice that caused the alleged violations. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (to impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation). Plaintiff makes no such allegations against the Sheriff's Department. Consequently, the complaint will be dismissed as to the Sheriff and the Sheriff's Department, but Plaintiff may file an amended complaint to correct the deficiencies in his claims against them provided that he follows the instructions below.

Once Plaintiff has amended his complaint or the deadline for doing so passes, the Court will issue a further order regarding his cognizable claims against Defendants Minor, Neu, Jones and Gray.

## CONCLUSION

1. The claims against Defendants San Francisco Sheriff Ross Mirkarimi and the San Francisco County Sheriff's Department are dismissed with leave to amend. Plaintiff shall file an amended complaint within **twenty eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 14-5185 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims for the original complaint that he still wishes to pursue, including the claims against the other defendants that

3

1  were found cognizable above. <u>Failure to amend within the designated time and in accordance with
2  this order will result in the dismissal of the claims against Defendants Mirkarimi and the San
3  Francisco County Sheriff's Department, but not the other defendants</u>

4  　　　　2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
5  informed of any change of address by filing a separate paper with the clerk headed "Notice of
6  Change of Address." He also must comply with the Court's orders in a timely fashion, although he
7  may request an extension of time provided it is accompanied by a showing of good cause and it is
8  filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of
9  this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

　　**IT IS SO ORDERED.**

Dated: February 2, 2015

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　JACQUELINE SCOTT CORLEY
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE