UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JACOBO,<br>　　　　Plaintiff,<br>　　v.<br>ROSS MIRKARIMI, et al.,<br>　　　　Defendants. | Case No. 14-cv-05185-JSC<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE** |

　　　　Plaintiff, an inmate at the San Francisco County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the San Francisco Sheriff Ross Mirkarimi, the San Francisco Sheriff's Department, and four Sheriff's Department employees working at the jail. On February 2, 2015, the claims that the four jail employees used excessive force against Plaintiff were found cognizable, but the claims against Mirkarimi and the Sheriff's Department were dismissed with leave to amend. Plaintiff has filed an amended complaint in which he omits claims against the Sheriff's Department and Mirkarimi and reiterates the excessive force claims against the four jail employees. Plaintiff was advised that the amended complaint would completely replace the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), and that the claims against the Sheriff's Department and Mirkarimi would be dismissed if they were not cured in the amended complaint. Because the claims against the San Francisco Sheriff's Department and Sheriff Ross Mirkarimi are not included in the amended complaint, they are DISMISSED.

　　　　The allegations in the amended complaint, when liberally construed, state cognizable claims against Lieutenant Minor, Deputy Neu, Deputy Jones, and Deputy Gray for using excessive force against him. Accordingly, the Court orders as follows:

　　　　1. The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and

the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the amended complaint with any attachments, and copies of this Order and the Order of Partial Dismissal with Leave to Amend (docket number 6) on Lieutenant Minor, Deputy Neu, Deputy Jones, and Deputy Gray at the San Francisco County Sheriff's Department.

The Clerk shall also mail a courtesy copy of the Magistrate Judge jurisdiction consent form, a copy of the amended complaint with any attachments, and copies of this Order and the Order of Partial Dismissal with Leave to Amend (docket number 6) to the San Francisco City Attorney's Office.

2. Each of these Defendants shall complete and file the Magistrate Judge jurisdiction consent form within the deadline provided on the form.

3. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

a. No later than **91** days from the date this order is issued, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28** days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

    d. Defendants shall file a reply brief no later than **14** days after the opposition is filed.

    e. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

  5. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

  6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

  7. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extensions of a deadline will be allowed upon a showing of good cause and provided the request is filed prior to the deadline.

  **IT IS SO ORDERED.**

Dated: April 6, 2015

               JACQUELINE SCOTT CORLEY
               United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.