UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JACOBO,<br><br>    Plaintiff,<br><br>    v.<br><br>MINOR, et al.,<br><br>    Defendants. | Case No. 14-cv-05185-JSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' LETTER MOTION; DENYING PLAINTIFF'S MOTIONS TO APPOINT PARALEGAL AND TO EXTEND TIME**<br><br>Dkt. Nos. 37, 42, 46 |

Plaintiff, an inmate at the San Francisco County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. He claims that Defendants, four jail employees, used excessive force against him. The four Defendants have been served and have appeared.[1]

Plaintiff has filed a motion to appoint a paralegal and for a subpoena (Dkt. No. 37). He seeks a paralegal to conduct "a few" depositions, and the subpoena to obtain documents that he alleges Defendants have failed to provide in discovery. As for his request to "appoint" a paralegal, 28 U.S.C. § 1915(e)(1) confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis, not the power to "appoint" counsel. 28 U.S.C. § 1915(e)(1). Plaintiff does not identify whose depositions he wishes to take, or explain why written depositions and interrogatories will not suffice. Plaintiff has not shown that he is incapable of presenting his claims effectively, and the issues of the case are not sufficiently complex that Plaintiff needs paralegal assistance. Plaintiff also does not identify what documents Defendants have not provided that he must obtain via a subpoena. In the prior order denying Plaintiff's motions to compel, the Court detailed the discovery Defendants provided and the adequacy of their responses to Plaintiff's discovery requests. Because Plaintiff does not identify

---

[1] All remaining parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636. (*See* Dkt. Nos. 5, 33.)

any additional documents that he has not, or will not, be able to obtain via discovery, no subpoena is necessary. Accordingly, Plaintiff's motion is DENIED.

Defendants have filed a motion (Dkt. No. 46) to compel Plaintiff's attendance at a deposition on November 18, 2015 at 10:30 a.m. at the San Bruno jail, and for an extension of time to and including December 18, 2015, in which to file a dispositive motion. Plaintiff has agreed to these matters. (*See* Dkt. No. 47.) Accordingly, Defendants' motion is GRANTED, and Plaintiff's prior motion to postpone the date of his deposition (originally scheduled for August) is DENIED as unnecessary. (Dkt. No. 42.) Defendants also request a stay of discovery until the deposition is conducted, but they have not shown cause for granting such a stay. Accordingly, their request for a stay is DENIED.

Plaintiff's request to have the Court inspect cameras at the county jail to verify Defendants' evidence that those cameras do not record (*see* Dkt. No. 47 at 2; Bliss Decl. ¶ 5) is DENIED. Plaintiff also requests the results of the San Francisco Sheriff's Department's Internal Affairs investigation into the incident underlying his complaint. (*Id.* at 1.) Defendants indicate that those results have been provided to Plaintiff. (Bliss Decl. ¶ 4.) If there remains a disagreement over whether there are additional reports or results of the Sheriff's Department internal investigation that have not been provided to Plaintiff, the parties shall promptly meet and confer to resolve this disagreement.

**IT IS SO ORDERED.**

Dated: October 2, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge