UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JACOBO,<br><br>    Plaintiff,<br><br>    v.<br><br>MINOR, et al.,<br><br>    Defendants. | Case No. 14-cv-05185-JSC<br><br>**ORDER GRANTING IN PART AND DENYING IN LETTER MOTIONS REGARDING DISCOVERY MOTIONS**<br><br>Dkt. Nos. 52, 53 |

Plaintiff, an inmate at the San Francisco County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. He claims that Defendants, four jail employees, used excessive force against him. The four Defendants have been served and have appeared.[1] Plaintiff has filed letters requesting discovery and other matters, and Defendants have filed a letter motion regarding their dispute with Plaintiff's discovery request. Plaintiff's and Defendants' motions are GRANTED IN PART AND DENIED IN PART, as explained below.

**BACKGROUND**

Plaintiff alleges that Defendants Lieutenant Minor, Deputy Neu, Deputy Jones, and Deputy Gray used excessive force against him when they beat him, kicked him, knocked him out and injured his ears after he insulted another jail staff member, despite the fact that Plaintiff was handcuffed and not resisting them when they applied this force. Plaintiff initially named Sheriff Ross Mirkarimi and the San Francisco Sherriff's Department ("SFSD") as defendants, but he did not allege any actions or involvement by them in the use of force. He was advised what allegations would be necessary to state cognizable claims against them and given leave to amend his complaint, but when he failed to do so his claims against the Sherriff and SFSD were

---

[1] All remaining parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636. (*See* Dkt. Nos. 5, 33.)

dismissed.

On October 2, 2015, the Court ordered Plaintiff to attend his deposition on November 18, 2015, and directed the parties to meet and confer regarding Plaintiff's request for the report of the results of a SFSD internal affairs investigation into the incident underlying his complaint.[2] (*See* Dkt. No. 48.) On October 18, 2015, Plaintiff wore a letter to defense counsel requesting the investigation results, and stating that he did not have access to a device to listen to the audio recordings of witness interviews, which Defendants had provided on a compact disc ("CD"). (Dkt. No. 49.) On November 8, 2015, Plaintiff wrote a letter to the Court stating that he had not received the investigation results, and that he wants transcripts of the interviews or a paralegal to listen to the CD. (Dkt. No. 50.) The day after his scheduled deposition, Plaintiff wrote to the Court stating that he refused to answer any questions at his deposition because Defendants had not provided the results of the investigation, and that he would consent to the Court's in camera review of the results in order to prevent disclosure of private or secure information. (Dkt. No. 51.)

In their letter brief dated December 18, 2015, Defendants indicate that they initially agreed to continue the deposition from August 2015 to September 16, 2015, but when defense counsel appeared at the jail on that date, Plaintiff refused to come out of his cell. (Dkt. No. 52.) When defense counsel appeared for Plaintiff's deposition on November 18, 2015, Plaintiff refused to answer questions and produced a written statement that he would not answer questions because he had not received the report of the internal affairs investigator. Defendants state that Plaintiff has received all the evidence from the investigation, including incident reports, photographs of injuries, written statements by Plaintiff and Defendant Minor, Plaintiff's medical records, and the audio recordings of witness interviews. They assert that the investigator's report is not relevant because Plaintiff has not brought a claim against the city or the SFSD under *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978), and that they objected to producing it under the "official information" privilege. Defendants seek $1830 in sanctions against Plaintiff for their costs associated with the attempted deposition, an order directing Plaintiff to appear at his next

---

[2] The Court also denied Plaintiff's requests for a paralegal, to postpone an earlier deposition date, and for the Court to inspect jail cameras, as well as Defendants' request for a discovery stay.

deposition or his case will be dismissed, and an extension of time to file a dispositive motion.

Plaintiff has since written two more letters to the Court. (Dkt. Nos. 54, 55.) In the first letter, he states that he still wants the results of the investigation, that he wants access to the jail's "Prisoner Legal Services" to listen to the witness interviews, and that he needs to research a *Monell* claim at the jail law library. In the second letter, he states that he has requested an audio recording of the jail's visiting area in which "part of the incident of my case" can be heard. It is unclear whether Defendants have responded to that request.

**DISCUSSION**

1. Internal Affairs Investigation Report

Defendants argue in their letter brief that the report of the internal affairs investigator should not be provided to Plaintiff because it is "irrelevant and should be inadmissible." Defendants insist that the report is not relevant because Plaintiff has no claim against the City of San Francisco or SFSD under *Monell*. *See Monell*, 436 U.S. 658 at 690 (holding that a claim against a municipality requires showing that a municipal policy or custom caused the constitutional violation). Plaintiff does not presently have a *Monell* claim. His claims against the individual officers turn on whether the use of force either was reasonable --- if he was not yet convicted at the time of the incident --- or whether it was wanton and unnecessary --- if he was already convicted. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (pretrial detainee must show use of force amounted to punishment under Fourteenth Amendment by showing it was objectively unreasonable); *see also Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996) (Fourth Amendment reasonableness standard applies to pre-arraignment detainees' excessive force claims); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) (after conviction, plaintiff must show use of force was unnecessary and wanton infliction of pain in violation of Eighth Amendment). Defendants indicate that the report contains the "thoughts and impressions of the investigator." An SFSD's investigator's report regarding whether the use of force violated departmental policies is relevant to this inquiry. As a result, the report is relevant. *See Soto v. City of Concord*, 162 F.R.D. 603, 610-11 (N.D. Cal. 1995). Whether it is ultimately admissible as evidence is another issue that is not determinative of its discoverability. *See* Fed. R. Civ. P. 26(b)

("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

Defendants also object to producing the report on the grounds that it is protected by the "official information" privilege. Courts must determine whether the potential benefits of disclosure of "official information" outweigh the potential disadvantages. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). A party asserting this privilege must provide a sworn affidavit from the head of the department that has control over the matter, stating: (1) the agency generated the material and has maintained its confidentiality; (2) the official has personally reviewed the material in question; and (3) the specific governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer. *See Miller v. Pancucci*, 141. F.R.D. 292, 301 (C.D. Cal. 1992); *Kelly v. City of San Jose*, 114, F.R.D. 653, 669-70 (N.D. Cal. 1987). Defendants have not produced such affidavit, and as a consequence the Court cannot rule at this time that the report is protected by the official information privilege. Therefore, within **21 days** of the date this order is filed, Defendants shall either: (1) submit a proposed protective order applicable to the report, [3] or (2) file a response to the Plaintiff's discovery request showing that the report is protected from disclosure by the "official information" privilege. Plaintiff may file a response to Defendants' submission within **21 days** of the date the submission is filed.

2.  Additional Requests

Defendants' request to extend the deadline to file a dispositive motion is GRANTED. Their request to order Plaintiff to attend a new deposition or face dismissal of this action is DENIED. After the issue of the disclosure of the internal affairs report is resolved, the Court will issue an order allowing Defendants to re-schedule Plaintiff's deposition and setting a new deadline for filing a dispositive motion. Defendants' request for sanctions is DENIED because the dispute over the report was not resolved at the time of the attempted deposition of Plaintiff. Within **28**

---

[3] Defendants assert that an adequate protective order is "an impossibility" given Plaintiff's pro se status, but they offer no explanation for that assertion. They have not shown why measures set forth in Rule 26(c) --- such as allowing Plaintiff to review the report at a specific time and place, but not keep it, copy it or discuss it with others --- cannot afford sufficient protection. *See generally* Fed. R. Civ. P. 26(c) (listing protective measures).

days of the date this order is filed, Defendants shall allow Plaintiff access to the jail's Prison Legal Services to enable him to listen to the audio recordings of the witness interviews, or show cause why they should not.  Defendants shall promptly respond to Plaintiff's request for an audio recording of the visiting area if they have not done so already.

## CONCLUSION

Defendants' letter motion regarding discovery (Dkt. Nos. 52, 53) and Plaintiff's requests in his letters are GRANTED IN PART AND DENIED IN PART as set forth in detail above.

**IT IS SO ORDERED.**

Dated: March 14, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge